IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRP FUND VI, LLC,<br>Appellant,<br>vs.<br>PENNYMAC LOAN SERVICES, LLC, A<br>LIMITED LIABILITY COMPANY,; AND<br>BANK OF AMERICA, N.A.,<br>Respondents. | No. 81534<br><br>**FILED**<br><br>SEP 16 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER VACATING AND REMANDING*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Rob Bare, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

In *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.* (*Perla*), 136 Nev. 62, 63, 458 P.3d 348, 349 (2020), we held that a formal superpriority tender is excused "when evidence shows that the party entitled to payment had a known policy of rejecting such payments." Here, the district court granted summary judgment for respondents based on certain statements in a letter from the HOA's agent (ACS) to Miles Bauer, as well as on deposition testimony from ACS's employee, Kelly Mitchell. This evidence was substantively identical to that in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, Docket No. 73785 (*Thomas Jessup*) (Order Affirming in Part, Reversing in Part and Remanding, May 7, 2020), wherein we concluded that the evidence was insufficient to satisfy *Perla*'s

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26899

"known policy of rejection" standard. Thus, in the absence of additional evidence, respondents did not sufficiently demonstrate that ACS's policy during the relevant time frame was to reject superpriority tenders or that Miles Bauer knew of this policy. Accordingly, summary judgment was improper,[2] and we therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                             Gibbons

cc: Hon. Rob Bare, District Judge
John Walter Boyer, Settlement Judge
The Wright Law Group
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[2]Since our ultimate disposition of *Thomas Jessup*, we have recognized that the ACS response letter at issue in this case is not necessarily insufficient to satisfy *Perla*'s "known policy of rejection" standard depending on what other evidence and testimony is presented in a particular case. *See 928 Country Back Tr. v. Bank of Am., N.A.*, Docket No. 79543 (Order Vacating Judgment and Remanding, April 9, 2021); *Trashed Home Corp. v. Bank of Am., N.A.*, Docket No. 78923 (Order Vacating Judgment and Remanding, April 9, 2021). In this respect, we note that appellant has not asked for summary judgment to be entered in its favor on remand.

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.